IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMIWA ODIWOLE,<br>　　　Plaintiff, | § § § | |
| vs. | § § | CIVIL ACTION NO. 3:23-cv-236 |
| KYLE SPRINGER,<br>　　　Defendant. | § § § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Kyle Springer ("Springer"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a), files this Notice of Removal.

### I. INTRODUCTION

1. This removal is based on diversity jurisdiction. Plaintiff seeks redress from Defendant alleging his negligence in operating an automobile resulted in personal injury damages to Plaintiff.

2. At the time of removal, and at the time of the filing of the lawsuit, Plaintiff was a Texas citizen. In contrast, at the time of removal, and the time of the filing of the lawsuit, Defendant Springer was an Ohio citizen (*See* Exhibit "B" attached to this Notice of Removal).

3. In addition, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In particular, Plaintiff's Original Petition seeks monetary damages of more than $250,000.00.

4. Defendant Springer files his Notice of Removal within thirty days of service. This action has been on file for less than one year.

## II. GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

### A.    Diversity Jurisdiction Exists

5.    Removal is proper because this lawsuit involves a controversy between citizens of different states. Specifically, Plaintiff Odiwole is, and was at the time of removal and at the time the lawsuit was filed, a citizen of Texas. In contrast, Defendant Springer is, and was at the time of removal and at the time the lawsuit was filed, a citizen of Ohio. Thus, diversity of citizenship between the parties exists.

6.    Additionally, the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332, 1441. Specifically, Plaintiff alleges that she seeks "monetary damages of more than $250,000.00, including damages, of any kind, penalties, costs, and pre-judgment interest." (Ex. A-2, at page 1, Section titled "Discovery Control Plan Level", paragraph 1); *Wright v. Spindletop Films, L.L.C.*, 845 F. Supp. 2d 783, 787 (S.D. Tex. 2012) (Ellison, J.) ("Courts are to 'decide what the amount in controversy is from the complaint itself …'") (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) ("The general federal rule has long been to decide what the amount in controversy is from the complaint itself …"); *Trans-Net, Inc. v. Crawley*, 2008 WL 938374, *1 (S.D. Tex. 2008) (Miller, J.) ("In this case, [plaintiff] avers actual damages in excess of the jurisdictional minimum. [Plaintiff's] assertions are sufficient to support diversity jurisdiction."). Therefore, Plaintiff seeks to recover an amount greater than $75,000, exclusive of interest and costs.

### B.    Removal Was Timely

7.    Defendant Springer was served on January 4, 2023 with the present suit. On February 1, 2023, and less than thirty days after being served, Defendant Springer files this

Notice of Removal. In addition, the suit has been pending for less than a year. Therefore, removal of this action is timely.

### III. COMPLIANCE WITH REMOVAL PROCEDURES

8. Attached to this Notice of Removal as Exhibit A are the following documents required by 28 U.S.C. § 1446(a) and N.D. TEX. LOC. R. 81.1 (these documents are hereby incorporated by reference in all respects):

    A. An index of all documents that clearly identifies each document and indicates the date the document was filed in state court:

        1. Civil Docket Sheet for Cause No. DC-22-17756;

        2. Plaintiff's Original Petition, filed 12/28/2022;

        3. Citation for Kyle Springer, issued 12/28/2022;

        4. Return of Service, filed 01/13/2023;

        5. Defendant Kyle Springer's Original Answer, filed 01/27/2023; and

        6. Dismissal for Want of Prosecution; set for 02/23/2023.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Northern District of Texas, Dallas Division, embraces Dallas County, Texas, where the state court action was filed and is currently pending. Specifically, Plaintiff filed suit in the 193rd Judicial District Court, Dallas County, Texas, Cause No. DC-22-17756.

10. Defendant will immediately file a copy of its Notice of Removal with the clerk of the state court in which the state court action is pending.

### JURY DEMAND

11. Defendant hereby demands a jury trial.

WHEREFORE, PREMISES CONSIDERED, Defendant requests this action be immediately and entirely removed upon filing of this Notice of Removal to the United States District Court for the Northern District of Texas, Dallas Division, and for such other and further relief to which she may be justly entitled.

Respectfully Submitted,

*/s/Michael J. Shipman*
**MICHAEL J. SHIPMAN**
State Bar No. 18268500
mike.shipman@fletcherfarley.com
**KRISTI L. KAUTZ**
State Bar No. 24060069
kristi.kautz@fletcherfarley.com

**FLETCHER, FARLEY,
SHIPMAN, & SALINAS, L.L.P.**
9201 North Central Expressway, Suite 600
Dallas, Texas 75231
214-987-9600
214-987-9866 (Fax)

**ATTORNEYS FOR DEFENDANT
KYLE SPRINGER**

## CERTIFICATE OF SERVICE

On the 1st day of February, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by the Federal Rule of Civil Procedure 5 (b)(2).

*/s/Michael J. Shipman*
**MICHAEL J. SHIPMAN**